TODD KIM, Assistant Attorney General
Environment and Natural Resources Division

LUTHER L. HAJEK (CO Bar 44303)
ALEXIS G. ROMERO (DC Bar 90006907)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376; Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov
Tel: (202) 353-5885; Fax: (202) 305-0275
E-mail: alexis.romero@usdoj.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CASCADIA WILDLANDS *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHERYL ADCOCK *et al.*,<br><br>Defendants. | Civil Action No. 6:22−cv−01344−MK<br><br>Hon. M.J. Mustafa Kasubhai<br>Hon. J. Michael J. McShane<br><br>**DEFENDANTS' ANSWER** |

Pursuant to Federal Rule of Civil Procedure 8, Defendants Cheryl Adcock *et al*. respond

to the allegations in Plaintiffs Cascadia Wildlands *et al.*'s Complaint for Declaratory and

Injunctive Relief (ECF No. 1) as set forth below.

## RESPONSES TO COMPLAINT ALLEGATIONS

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint.  Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.  Defendants also do not specifically respond to Plaintiffs' declarations attached to the Complaint, but to the extent those attachments expressly or implicitly includes substantive legal or factual allegations, Defendants deny those allegations.

## NATURE OF ACTION

1.    The allegations in Paragraph 1 are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Defendants deny the allegations.

2.    The allegations in Paragraph 2 purport to characterize the Siuslaw HLB Landscape Plan Decision Record ("DR") and Finding of No significant Impact ("FONSI") which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced DR and FONSI, they are denied.

3.    The allegations in paragraph 3 constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

4.     The allegations in the first sentence of Paragraph 4 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  Defendants deny the remaining allegations in Paragraph 4.

5.    Defendants deny the allegations in the first sentence of Paragraph 5. The remaining allegations in Paragraph 5 purport to characterize the Siuslaw HLB Landscape Plan

Environmental Assessment ("EA") and the 2016 Northwestern & Coastal Oregon Record of Decision and Resource Management Plan ("NCO ROD/RMP") and its underlying Proposed Resource Management Plan/Final Environmental Impact Statement ("PRMP/FEIS), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the EA, they are denied.

6.     The allegations in the first sentence of Paragraph 6 purport to characterize the EA and the N126 LSR Landscape Plan EA which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the EAs, they are denied. The remaining allegations in Paragraph 6 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

7.     Defendants deny the allegations in Paragraph 7.

8.     Defendants admit that they are beginning the process of timber sale planning implementing the Siuslaw HLB Landscape Plan.  Except as expressly admitted, Defendants deny the allegations in paragraph 8.

9.     The allegations in Paragraph 9 are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Defendants deny the allegations.

10.     The allegations in Paragraph 10 are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Defendants deny the allegations.

11.     The allegations in Paragraph 11 are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**JURISDICTION AND VENUE**

12.     The allegations in Paragraph 12 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

13.     The allegations in Paragraph 13 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

14.     The allegations in the first sentence of Paragraph 14 are conclusions of law to which no response is required; to the extent a response is required, they are denied.  Defendants admit the remaining allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are conclusions of law to which no response is required; to the extent a response is required, they are denied. Defendants otherwise admit that the DR and FONSI were signed at Defendants' office in Lane County, Oregon and that they pertain to public lands therein.

**PARTIES**

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny them.

19.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny them.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny them.

21.     The allegations in Paragraph 21 are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Defendants deny the allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny them.

23.     The allegations in Paragraph 23 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants admit that Defendant CHERYL ADCOCK is Field Manager of the Siuslaw Field Office of the Bureau of Land Management ("BLM") Northwest Oregon District and that Ms. Adcock signed the DR for the EA. Except as expressly admitted, Defendants deny the allegations in paragraph 26.

27.     Defendants deny that the BLM is headquartered in Colorado and admits the remaining allegations in Paragraph 27, except to the extent Plaintiffs purport to characterize the EA, FONSI, and DR which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced EA, FONSI, and DR, they are denied.

## LEGAL BACKGROUND

28.     The allegations in Paragraph 28 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

29.     The allegations in Paragraph 29 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

30.     The allegations in Paragraph 30 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

31.     The allegations in Paragraph 31 purport to characterize uncited NEPA sections and implementing regulations; to the extent the allegations are inconsistent with NEPA, NEPA regulations, and the relevant case law, they are denied.

32.     The allegations in Paragraph 32 and footnote 1 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied. Defendants otherwise admit that the NEPA analysis in the EA, the FONSI, and the DR were prepared pursuant to the 1978 NEPA regulations.

33.     The allegations in Paragraph 33 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

34.     The allegations in Paragraph 34 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

35.     The allegations in Paragraph 35 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

36.     The allegations in Paragraph 36 purport to characterize uncited NEPA sections or implementing regulations; to the extent the allegations are inconsistent with NEPA, NEPA regulations, and the relevant case law, they are denied.

37.     The allegations in Paragraph 37 purport to characterize uncited NEPA sections or implementing regulations; to the extent the allegations are inconsistent with NEPA, NEPA regulations, and the relevant case law, they are denied.

38.     The allegations in Paragraph 38 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

39.     The allegations in Paragraph 39 purport to characterize uncited NEPA case law; to the extent the allegations are inconsistent with NEPA, NEPA regulations, and the relevant case law, they are denied.

40.     The allegations in Paragraph 40 purport to characterize the BLM NEPA Handbook, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

41.     The allegations in Paragraph 41 purport to characterize the BLM NEPA Handbook, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

42.     The allegations in Paragraph 42 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

43.     The allegations in Paragraph 43 purport to characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

44.    The allegations in Paragraph 44 purport to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

45.    The allegations in Paragraph 45 constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

## FACTUAL BACKGROUND

46.    The allegations in Paragraph 46 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD/RMP, they are denied.

47.    The allegations in Paragraph 47 purport to characterize the NCO ROD/RMP, the PRMP/FEIS, and the Southwestern Oregon ROD/RMP, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced ROD/RMPs and FEIS, they are denied.

48.    The allegations in Paragraph 48 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD/RMP, they are denied.

49.    The allegations in Paragraph 49 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD/RMP, they are denied.

50.    The allegations in Paragraph 50 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD/RMP, they are denied.

51.     The allegations in Paragraph 51 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EA, they are denied.

52.     The allegations in Paragraph 52 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD/RMP, they are denied.

53.     The allegations in Paragraph 53 constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

54.     In response to the allegations of Paragraph 54, Defendants admit that the DR authorizes a management strategy for 1,126-1,361 acres of regeneration harvest and 278-944 acres of thinning per decade within a 13,225 acre planning area of BLM managed forest lands west of Eugene.  Except as expressly admitted, Defendants deny the allegations.

55.     The allegations in Paragraph 55 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants admit the allegations in Paragraph 57.

58.     In response to the allegations in Paragraph 58, Defendants admit that on November 20, 2019, BLM released the EA scoping letter.  The remaining allegations in Paragraph 58 purport to characterize the contents of the EA scoping letter, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the EA scoping letter, they are denied.

59.     Defendants admit the allegations in Paragraph 59.

60.    The allegations in Paragraph 60 and footnote 3 purport to characterize the draft EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the draft EA, they are denied.

61.    The allegations in Paragraph 61 purport to characterize the draft EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the draft EA, they are denied.

62.    Defendants admit that Cascadia Wildlands submitted timely comments on the scoping notice and the draft EA.  The remaining allegations in Paragraph 62 purport to characterize the Plaintiffs comments to the Siuslaw HLB Landscape Plan scoping letter and draft EA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Plaintiffs comments, they are denied.

63.    Defendants admit the allegations in Paragraph 63.

64.    The allegations in Paragraph 64 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

65.    The allegations in Paragraph 65 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

66.    The allegations in Paragraph 66 purport to characterize the PRMP/FEIS and the EA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FEIS or EA.

67.    The allegations in Paragraph 67 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

68.    The allegations in Paragraph 68 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in the first sentence of Paragraph 70. Defendants aver that consultation with the U.S. Fish and Wildlife Service ("FWS") for the EA was completed under the Biological Assessment for Timber Harvest and Routine Activities that are Likely to Adversely Affect Listed Species and Critical Habitat and its associated Biological Opinion ("BO"). The remaining allegations in Paragraph 70 purport to characterize the EA which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

71.    The allegations in Paragraph 71 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

72.    Defendants deny the allegations in the first sentence of Paragraph 72.  In response to the allegations in the second sentence of Paragraph 72, Defendants aver that consultation with the National Marine Fisheries Service ("NMFS") for the Siuslaw HLB Landscape Plan was completed under the "Forest Management Program for Western Oregon" programmatic consultation with NMFS BO. The remaining allegations in Paragraph 72 purport to characterize

the Siuslaw HLB Landscape Plan EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

73.    The allegations in Paragraph 73 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

74.    The allegations in Paragraph 74 purport to characterize the PRMP/FEIS, EA, Timber Harvest and Routine Activities that are Likely to Adversely Affect Listed Species and Critical Habitat BO, and "Forest Management Program for Western Oregon" programmatic consultation with NMFS BO, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FEIS, EA, and BO they are denied.

75.    The allegations in Paragraph 75 and footnote 4 purport to characterize the EA and uncited BLM policy document(s), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced EA and BLM policy document(s), they are denied.

76.    The allegations in Paragraph 76 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

77.     The allegations in Paragraph 77 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

78.    Defendants deny the allegations in Paragraph 78.

79.    The allegations in Paragraph 79 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

80.    The allegations in Paragraph 80 purport to characterize the NCO ROD/RMP and the PRMP/FEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced ROD/RMP and FEIS, they are denied.

81.    Defendants deny the allegations in Paragraph 81.

82.    The allegations in sentence one of Paragraph 82 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD/RMP, they are denied. Defendants deny the allegations in sentence two of Paragraph 82.

83.    The allegations in Paragraph 83 purport to characterize the PRMP/FEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced FEIS, they are denied.

84.    The allegations in Paragraph 84 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    The allegations in sentences one and three of Paragraph 87 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.  Defendants deny the allegations in sentence two of Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 purport to characterize the PRMP/FEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced FEIS, they are denied.

90.      Defendants deny the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

92.     The allegations in Paragraph 92 and footnote 5 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

93.     The allegations in the first clause of the first sentence of Paragraph 93 constitute legal conclusions to which no response is required.  The remaining allegations in Paragraph 93 purport to characterize the EA and N126 EA planning processes and documents, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced EAs, they are denied.

94.     The allegations in Paragraph 94 purport to characterize the EA and the PRMP/FEIS, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced EA and FEIS, they are denied.

95.     The allegations in Paragraph 95 purport to characterize the EA and the N126 LSR Landscape Plan EA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced EAs, they are denied.

96.     The allegations in the first clause of the first sentence of Paragraph 96 purport to characterize Plaintiffs' case to which no response is required. To the extent a response is required, the allegations are denied. In response to the allegations in the second clause of the first sentence of Paragraph 96, Defendants admit the BLM issued the final EA, FONSI, and DR on March 31, 2022. Defendants aver the EA, FONSI, and DR speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced EA, FONSI, and DR they are denied. The allegations in the second sentence of Paragraph 96 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

97.     Defendants admit the allegations in the first sentence of Paragraph 97. The allegations in the second sentence of Paragraph 97 purport to characterize Plaintiffs' administrative appeal of the DR, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced appeal, they are denied.

98.     Defendants admit the allegations in Paragraph 98.

99.     Defendants admit the allegations in the first sentence of Paragraph 99. The second, third, and fourth sentences of Paragraph 99 purport to characterize the June 6, 2022 document, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

100.    Defendants admit that the potential Power Down Timber Sale would be located in an area near Vaughn, Oregon and deny the remaining allegations in the first sentence of Paragraph 100. Defendants deny the allegations in the second sentence of Paragraph 100 and aver that the Power Down Timber Sale may be the first timber sale that BLM authorizes pursuant to the Siuslaw HLB Landscape Plan, but BLM has not yet authorized any timber sales.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

101.    Defendants incorporate by reference their responses to Paragraphs 1-100.

102.    The allegations in the first sentence of Paragraph 102 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied. The remaining allegations in Paragraph 102 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

103.    The allegations in the first sentence of Paragraph 103 purport to characterize the NCO ROD/RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced RMP, they are denied. The allegations in the second sentence of Paragraph 103 purport to characterize the PRMP/FEIS and EA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FEIS and EA, they are denied. The remaining allegations in Paragraph 103 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

104.    Defendants deny the allegations in the first sentence of Paragraph 104.  The allegations in the second sentence of Paragraph 104 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

105.    The allegations in the first clause of the first sentence of Paragraph 105 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent

the allegations are inconsistent with the EA, they are denied. Defendants deny the remaining allegations in Paragraph 105.

106.    The allegations in Paragraph 106 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

107.    Defendants deny the allegations in Paragraph 107.

## SECOND CLAIM FOR RELIEF

108.    Defendants incorporate by reference their responses to Paragraphs 1-107.

109.    The allegations in Paragraph 109 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

110.    The allegations in Paragraph 110 purport to characterize the EA and the BLM NEPA Handbook, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced EA and handbook, they are denied.

111.    The allegations in Paragraph 111 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

112.    The allegations in Paragraph 112 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

113.    The allegations in the first sentence of Paragraph 113 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied. The allegations in the second sentence of Paragraph 113 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are

inconsistent with the EA, they are denied. The remaining allegations in Paragraph 113 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

114.    The allegations in the first sentence and first clause of the second sentence in Paragraph 114 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied. The remaining allegations in Paragraph 114 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116. is required. To the extent a further response is required, the allegations are denied.

### THIRD CLAIM FOR RELIEF

117.    Defendants incorporate by reference their responses to Paragraphs 1-116.

118.    The allegations in Paragraph 118 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

119.    The allegations in Paragraph 119 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    The allegations in Paragraph 122 purport to characterize the PRMP/FEIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the FEIS, they are denied.

123.    The allegations in Paragraph 123 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

124.    The allegations in the first sentence of Paragraph 124 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 124 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

125.    The allegations in the first sentence, the second clause of the second sentence, and the third sentence of Paragraph 125 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first clause of the second sentence purport to characterize the FEIS and NCO ROD/RMP, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FEIS or ROD/RMP, they are denied. The remaining allegations in Paragraph 125 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

126.    Defendants deny the allegations in Paragraph 126..

**FOURTH CLAIM FOR RELIEF**

127.    Defendants incorporate by reference their responses to Paragraphs 1-126.

128.    The allegations in Paragraph 128 purport to characterize NEPA and NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

129.    Defendants deny the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

131.    The allegations in the first sentence of Paragraph 131 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of Paragraph 131.

132.    Defendant denies the allegations in the first sentence of Paragraph 132.  The allegations in the third sentence of Paragraph 132 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 132 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced EA, they are denied.

133.    Defendants deny the allegations in Paragraph 133

**FIFTH CLAIM FOR RELIEF**

134.    Defendants incorporate by reference their responses to Paragraphs 1-134.

135.    The allegations in Paragraph 135 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

136.    The allegations in Paragraph 136 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

137.    The allegations in Paragraph 137 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

138.    The allegations in Paragraph 138 constitute legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

139.    Defendant denies the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.  The allegations in Paragraph 140 also purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their context; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

141.    Defendants deny the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' Prayer for Relief to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1.    One or more of Plaintiffs' claims for relief fail to state claim upon which relief can be granted.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 7 day of June, 2023.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Luther L. Hajek*
Luther L. Hajek
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376
Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov

_s/ Alexis G. Romero_____
ALEXIS G. ROMERO (D.C. Bar No. 90006907)
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 353-5885; Fax: (202) 305-0275
E-mail: alexis.romero@usdoj.gov


_Counsel for Defendants_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Alexis G. Romero*

Alexis G. Romero