Oliver J. H. Stiefel, OSB # 135436
503-227-2212 | oliver@crag.org
Crag Law Center
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

Nicholas S. Cady, OSB # 113463
Peter D. Jensen III, OSB # 235260
541-434-1463
nick@cascwild.org | peter@cascwild.org
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **CASCADIA WILDLANDS**, an Oregon nonprofit corporation; and **OREGON WILD**, an Oregon nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**CHERYL ADCOCK**, in her official capacity as Field Manager for the Siuslaw Field Office; and the **UNITED STATES BUREAU OF LAND MANAGEMENT**,<br><br>Defendants. | Case No. 6:22-cv-1344-MK<br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND** |

## INTRODUCTION

On April 10, 2024 this Court issued its Findings and Recommendation ("F&R"), ECF No. 44, recommending judgment for Plaintiffs on five NEPA issues, including the claim that the BLM failed to prepare an EIS. This Court ordered supplemental briefing on the sole issue of remedy. The Parties filed their respective remedy briefs on May 2, 2024. ECF Nos. 48, 49. Plaintiffs argued in favor of the presumptive remedy of vacatur, while Defendants in their brief (styled as a "Motion to Amend/Correct [F&R] on Remedy") conceded that vacatur was the appropriate remedy on the legal violations found, but separately asked this Court to amend the F&R regarding the findings on the EIS claim. *See id.* Specifically, Defendants argue that this Court should amend its finding that "BLM must prepare an EIS." F&R at 27. This Court subsequently ordered Plaintiffs to respond to the Motion to Amend "as it relates to Defendants' request that the Court amend its 4/10/2024 [F&R]." ECF No. 50. Plaintiffs now respond herein.

Plaintiffs' position is that Defendants' Motion to Amend is procedurally and substantively flawed. First, the rules provide no basis for Defendants to ask this Court to re-open the F&R. In contrast, Defendants have a specific vehicle to bring their current arguments forward: objections to the F&R before Judge McShane. On the substance, Defendants grossly misrepresent binding caselaw in arguing that ordering preparation of an EIS is "generally inappropriate." That is not true, and clearly contradicted by dispositive Ninth Circuit case law.

Given this Court's finding that "[i]ndividually, and certainly cumulatively . . . several intensity factors raise substantial questions over whether the Siuslaw Plan may have significant impacts," the *only* appropriate instruction is preparation of an EIS. Accordingly, this Court should recommend vacatur of the decision and remand to the BLM to prepare an EIS to cure its analytical and procedural deficiencies, consistent with this Circuit's precedents.

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

1

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

## ARGUMENT

**I.     Defendants' Motion to Amend Is Improper and Inconsistent With the Federal Rules of Civil Procedure.**

As an initial matter, Plaintiffs respectfully request that this Court deny Defendants' motion as procedurally improper.[1] After finding in favor of Plaintiffs on the merits—including that the BLM violated NEPA by failing to prepare an EIS—this Court ordered the Parties to address exclusively the issue of remedy in supplemental briefing. *See* F&R at 27 ("Defendants decline to address the issue now and request separate briefing on the remedy issue . . . The Court agrees that Defendants should be given the opportunity to address the appropriate remedy in light of the Court's specific findings here."). In their briefing, however, Defendants concede that vacatur is the appropriate remedy, Mot. to Amend at 3–4, and instead collaterally attack this Court's finding on the EIS issue.

Citing no rule or any other authority, Defendants ask this Court to "amend" the F&R. But there is simply no basis for this Court to revisit the F&R.[2] Where this Court already has found that the BLM violated NEPA by failing to prepare an EIS and accordingly, that the agency must prepare one, Defendants' request to amend that finding is simply a second bite at the apple on this issue. The proper course is for Defendants to raise any disagreement with the F&R in forthcoming objections. FED. R. CIV. P. 72(b)(2). Defendants' Motion to Amend should be denied as procedurally improper.

///

---

[1] As Plaintiffs already observed, ECF No. 49 at 1 n.1, despite the fact that the Local Rules require parties to confer prior to filing any motion, Defendants made no such attempt. LR 7-1(a).
[2] The rules provide opportunities for parties to move to amend or correct certain orders, but only after final judgment has issued. *See, e.g.*, FED. R. CIV. P. 59, 60.

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

2

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

**II.     Ordering the BLM to Prepare an EIS is Appropriate Based on the Finding that the BLM Violated NEPA By Failing to Prepare an EIS.**

To the extent this Court addresses the substance of Defendants' Motion to Amend, it should reject it. Defendants argue this Court should recommend remand to BLM for additional investigation and analysis but not mandate preparation of an EIS on grounds that it is, allegedly, "generally inappropriate to instruct an agency to reach a particular conclusion about environmental impacts, such as by mandating that the agency conclude its plan's impacts may be 'significant' under [NEPA]." Mot. to Amend at 3. Not so.

As the Ninth Circuit has made abundantly clear, time and time again, an "EIS must be prepared if there are substantial questions regarding whether the agency's proposed action may have a significant effect. *Envtl. Def. Ctr. v. BOEM* ("*EDC v. BOEM*"), 36 F.4th 850, 878 (9th Cir. 2022) (citing *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 864–65 (9th Cir. 2005)); *Bark v. U.S. Forest Serv.*, 958 F.3d 865, 868 (9th Cir. 2020); *Nat'l Parks & Conserv. Ass'n v. Babbitt*, 241 F.3d 722, 736 (9th Cir. 2001); *Blue Mts. Biodiversity Proj. v. Blackwood*, 161 F.3d 1208, 1212 (9th Cir. 1998); *Idaho Sporting Congress v. Thomas*, 137 F.3d 1146, 1150 (9th Cir. 1998), *overruled on other grounds by Lands Council v. McNair*, 537 F.3d 981 (9th Cir. 2008); *Found. for N. Am. Wild Sheep v. USDA,* 681 F.2d 1172, 1178 (9th Cir. 1982); *see also* F&R at 11 (citing the correct standard).[3] That is precisely what this Court found:

---

[3] This District follows this governing authority. *See, e.g.*, *Greater Hells Canyon Council v. Wilkes*, No. 2:22-cv-00859-HL, 2023 U.S. Dist. LEXIS 178671, *41–42 (D. Or. 2024) ("substantial questions as to whether the Screens Amendment was significant" means the agency "violated NEPA when it failed to prepare an EIS"), *adopted* 2024 U.S. Dist. LEXIS 58184; *Cascadia Wildlands v. Am. Forest Res. Council,* No. 6:61-cv-01095-JR, 2017 U.S. Dist. LEXIS 145476, *33 (D. Or. 2017) (finding a substantial question as to whether the project may significantly affect the environment, based on three intensity factors), *F&R vacated pursuant to settlement*, No. 6:61-cv-01095-JR, ECF No. 83; *Or. Wild v. BLM,* No. 6:14-cv-0110-AA, 2015 U.S. Dist. LEXIS 32584, *30–35 (D. Or. 2015) (removal of spotted owl critical habitat, combined with controversial, uncertain, and precedential effects, "requires an EIS").

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

3

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

"the Court agrees that substantial questions exist regarding whether the Siuslaw Plan may have significant impacts." F&R at 27. Moreover, this Court found the BLM's "FONSI and supporting statement of reasons [] unconvincing[.]" *Id.* Thus, this is the quintessential case where an EIS is required: "if the court determines that the agency's proffered reasons for its FONSI are arbitrary and capricious and the evidence in a complete administrative record demonstrates that the project or regulation may have a significant impact, then it is appropriate to remand with instructions to prepare an EIS." *Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.* ("*CBD v. NHTSA*"), 538 F.3d 1172, 1225 (9th Cir. 2008) (citing *Nat'l Parks*, 241 F.3d at 733–34 & *Idaho Sporting Cong.*, 137 F.3d at 1154).

Completely ignoring this dispositive authority, Defendants cite a different, inapplicable section from *CBD v. NHTSA* to suggest that preparation of an EIS is only required where a court "categorically decides" that any revised EA would be unconvincing. Mot. to Amend at 6–7. That is not the standard. Indeed, in one of the very passages from *CBD v. NHTSA* from which Defendants selectively cite, the Ninth Circuit made clear that "[i]f the court finds that a project may have a significant impact, the court should order the agency to prepare an EIS," 538 F.3d at 1226 (citing *O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225, 238–39 (5th Cir. 2007)), the precise circumstances of this case. In contrast, it is only where there is "uncertainty over whether the proposed project may have a significant impact, including uncertainty caused by an incomplete administrative record or inadequate EA, the court should ordinarily remand for the agency to either prepare a revised EA or reconsider whether an EIS is required." *Id.* The "categorically decide" language from *CBD v. NHTSA* was not the articulation of any standard, as Defendants' argue, but rather, simply the application of the facts to the law in the circumstances of that particular case. *See id.*

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

4

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

To support their invented standard, Defendants cite the unpublished and non-precedential case *Neighbors of the Mogollon Rim, Inc. v. U.S. Forest Service*, No. 22-15259, 2023 U.S. App. LEXIS 11031 (9th Cir. May 5, 2023), but that case does not assist them because there, the court "decline[d] to reach Plaintiffs' argument that the Forest Service's decision not to prepare an EIS was arbitrary and capricious." *Id.* at *8. The other cases cited by Defendants are also inapposite. Neither *San Luis Obispo Mothers for Peace v. NRC,* 449 F.3d 1016 (9th Cir. 2006) or *Los Padres Forest Watch v. U.S. Forest Service,* 25 F.4th 649 (9th Cir. 2022) involved claims that the agency failed to prepare an EIS. And *Great Basin Resource Watch v. BLM*, 844 F.3d 1095, 1110 (9th Cir. 2016) involved a challenge to an EIS, not the failure to prepare an EIS in the first instance.[4]

That Defendants are arguing this Court had insufficient information to decide whether substantial questions exist only goes to show that they are collaterally attacking the F&R, not merely disputing "instructions." *Contra* Mot. to Amend at 3. Indeed, Defendants attack this Court's findings as "grounded on [] uncertainty," *id.* at 8, but this Court concluded that Plaintiffs raised substantial questions about multiple intensity factors—the standard for preparation of an EIS. *See* F&R at 27 ("Individually, and certainly cumulatively, the Court finds that several intensity factors raise substantial questions whether the Siuslaw Plan may have significant impacts."). F&R at 27; *accord EDC v. BOEM*, 36 F.4th at 882 (ordering EIS when three intensity factors were triggered); *Bark*, 958 F.3d at 873 (same); *Or. Wild v. BLM*, 2015 U.S. Dist. LEXIS 32584, at *32 (explaining that "when considered individually, several of the factors

---

[4] Given the highly developed NEPA caselaw from the Ninth Circuit on the specific issue before the Court, it is unclear how the general APA, non-NEPA cases cited by Defendants are relevant. *See* Mot. to Amend at 4 (citing *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990), an Employee Retirement Income Security Act of 1974 challenge & *Florida Power & Light Company v. Lorion*, 470 U.S. 729, 744 (1985), a jurisdictional challenge to an action seeking to invalidate a Nuclear Regulatory Commission operating permit).

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

5

Crag Law Center
3141 E Burnside St.
Portland, OR 97214
Tel. (503) 227-2725

might not require an EIS" but that "when considered together, they do" and requiring EIS for 187-acre timber sale).

This Courts' conclusion on the EIS issue was supported by a detailed discussion of the complete administrative record, including citations to specialist reports and the Environmental Assessment, F&R at 11, 27, proposed mitigation measures and record admissions concerning their effectiveness, *id.* at 14–15, 27, and email exchanges and draft documents pertaining to the issues in question. *See id.* at 18. This Court not only found hard look violations stemming from these records, but also found that these records raised substantial questions over whether the Siuslaw Plan may have significant impacts. *Id.* at 26. Unlike situations where there is a complete lack of information in the record, or an incomplete administrative record, this Court benefited from record evidence allowing it to determine that the project *may* have significant impacts, thus requiring an EIS. *See generally* F&R at 11–27 (citing the record related to soil disturbance, invasive species, sensitive species, and cumulative impacts).

In sum, this Court was not stepping into the BLM's role as the expert agency, but rather, correctly found that the agency failed to supply a convincing statement of reasons for its FONSI and that substantial questions exist regarding whether the agency's proposed action may have a significant effect. Under this Circuit's precedents, preparation of an EIS is *required* in these circumstances. The BLM has every right on remand to "decide to change the scope of the contemplated program," *see* Mot. to Amend at 6, but if it wants to proceed with the Siuslaw Plan as currently designed, it must do so with an EIS, given the potential for significant impacts.

///

///

///

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

6

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Amend, and recommend vacatur and remand to the BLM with instructions that BLM cannot proceed with the Siuslaw Plan until it prepares an EIS.

DATED this 16th day of May 2024.

Respectfully submitted,

/s/ Oliver J. H. Stiefel
Oliver J. H. Stiefel, OSB # 135436
503-227-2212 | oliver@crag.org
Crag Law Center
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

/s/ Nicholas S. Cady
/s/ Peter D. Jensen III
Nicholas S. Cady, OSB # 113463
Peter D. Jensen | OSB # 235260
541-434-1463
nick@cascwild.org  | peter@cascwild.org
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440

*Attorneys for the Plaintiffs*

PLAINTIFFS' RESPONSE
TO MOTION TO AMEND

7

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*